UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-61304

THOMAS FELICIANO,

    Plaintiff,

vs.

JSDE CORPORATION D/B/A
RANCHO NANDO STEAKHOUSE AND
DAYANA CARMONA HERNANDEZ,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Thomas Feliciano, sues Defendants, JSDE Corporation d/b/a Rancho Nando Steakhouse and Dayana Carmona Hernandez, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Thomas Feliciano**, is over 18 years old and has been a *sui juris* resident of Broward County, Florida, at all times material.

2. **Defendant, JSDE Corporation,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and conducted its for-profit restaurant business in Broward County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendnat, JSDE Corporation**, operates its restaurant under the fictious name of **Ranco Nando Steakhouse.**

4. **Defendant, Dayana Carmona Hernandez,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially

1

or totally responsible for paying Plaintiff's wages and the issuance of information returns.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Broward County, and because most if not all the operational decisions were made in this District.

## *Background Facts*

7. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

9. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, seafood, beverages, beers, wines, and/or alcoholic beverages, and products that have moved through interstate commerce.

10. Defendants cooked, prepared, and stored perishables and sold beer, wine, and/or alcoholic beverages, while using machinery, appliances, pizza ovens, ovens, refrigerators, and materials that also have moved through interstate commerce.

11. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange, and

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

12. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceeded $125,000.00 for each relevant fiscal quarter.

13. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

14. Plaintiff was a non-exempt employee of Defendants.

15. Plaintiff consents to participate in this lawsuit.

16. Plaintiff regularly and routinely would receive shipments of food and meats that traveled in interstate commerce prior to his receipt of same on behalf of Defendants, so that he could go through the invoice(s) to ensure that Defendants received all the food and/or meat that Defendants ordered.

17. Plaintiff worked for Defendants, JSDE Corporation d/b/a Rancho Nando Steakhouse and Dayana Carmona Hernandez, from about September 1, 2020, through June 3, 2022.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

19. Defendants paid Plaintiff a rate of $14/hour for each hour worked.

20. Defendants paid Plaintiff for most of the hours that he worked by check, but without deducting any taxes or withholdings, and then paid Plaintiff for additional time worked at his regular rate of $14/hour in cash.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

21. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

22. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

*Liability*

23. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

24. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay for all of the hours worked beyond 40 hours in a given workweek.

25. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

26. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

27. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Thomas Feliciano, demands the entry of a judgment in her favor and against Defendants, JSDE Corporation d/b/a Rancho Nando Steakhouse and Dayana Carmona Hernandez, jointly and severally after trial by jury, and as follows:

4

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Thomas Feliciano, demands a trial by jury of all issues so triable.

Respectfully submitted this 12th day of July 2022,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:   305.230.4884
> *Counsel for Plaintiff*